FILED
U.S. District Court
District of Kansas

NOV 30 2015

Clerk, U.S. District Court
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## AND DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        **Plaintiff,**

v.

JAMES K. ARNEL

        **Defendant.**

**Case No. 3:15CR**

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through its United States Attorneys for the

Northern District of Mississippi and District of Kansas, and JAMES K. ARNEL, the defendant,

personally and by and through his counsel, Anthony L. Farese and Cyd Gilman, hereby enter into

the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure:

1.    **Defendant's Guilty Plea.**  The defendant consents to transfer of the case for

guilty plea from the Northern District of Mississippi to the District of Kansas, to Count One of

the Indictment charging a violation of 18 U.S.C. § 2252A(a)(2)(A), that is, receipt of images of

child pornography, and admits to being guilty of the offense.  By entering into this Plea

Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the

offense.  The defendant understands that the maximum sentence which may be imposed as to

Count One of the Indictment to which he has agreed to plead guilty is not less than 5 and not

more than 20 years of imprisonment, a $250,000 fine, not less than 5 years and not more than life

supervised release, and a $100 mandatory special assessment.

1

2.    **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> From February 2, 2014, through February 6, 2014, JAMES K. ARNEL communicated
> with a 12-year-old minor female via the Internet application Melt. The minor initially
> told ARNEL that she was 16 or 17 years old, but later told ARNEL that she was 13 years
> old. During these interstate communications between the minor in Mississippi and
> JAMES K. ARNEL in Kansas, the minor sent at least 5, but less than 10 images of her
> nude genitalia, sometimes manually spreading her labia. The images' focal point is her
> genitalia. ARNEL sent images of his penis to the minor. The written communications
> were both sexual in nature and non-sexual. Other, non-pornographic images and
> communications of both the minor and JAMES K. ARNEL clearly identify ARNEL as
> knowingly receiving images of child pornography. Search warrants executed on Melt
> resulted in evidence that corroborated the conversations, the sending of child
> pornography by the minor and the receipt of the child pornography by ARNEL in Kansas
> which the minor had made in and sent from Mississippi.

3.    **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition

of the case that the term of incarceration not exceed 10 years, but not less than 5 years. There is

no agreement as to any other sentencing issue.

The parties seek this binding Plea Agreement as an appropriate disposition of the case,

because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the

sentencing process; it assures that the defendant and the government will benefit from the

bargain they have struck; it serves the interests of justice; and it assures a sentence consistent

with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the

sentence, the parties may be restored to the positions they maintained prior to reaching this Plea

Agreement. This Plea Agreement centers on the defendant's agreement to enter his guilty plea

as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense,

United States Probation Office, United States Marshals' Service and other law enforcement

resources.

4.    **Application of the Sentencing Guidelines.** The parties are of the belief that the

proposed sentence does not offend the advisory sentencing guidelines and the government does

2

not object to a sentence within the recommended advisory sentencing guideline range if the range is at or below the sentencing cap of 10 years described above in Paragraph 3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas and the United States Attorney for the Northern District of Mississippi agree to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information. The government agrees to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

6. **Consequences for Violating Plea Agreement.** The United States' obligations under this Plea Agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies, or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,

3

this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

7.     **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

8.     **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw his guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw his guilty plea.

9.     **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties

4

acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10.     **Restitution**. Although restitution has not been requested by the victim, should she request restitution, the defendant agrees pursuant to 18 U.S.C. § 2259(a) that he will make restitution as determined by the Court, consistent with the provisions of Section 2259.

11.     **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way

5

waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorneys for the District of Kansas and for the Northern District of Mississippi, and that it does not bind any other federal, state, or local prosecution authority.

6

15.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

16.    The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


FELICIA C. ADAMS
N.D. of Mississippi United States Attorney

Date: 9/28/2015


JASON HART
Assistant United States Attorney, Dist. of Kansas

Date: 9/3/2015


JAMES K. ARNEL
Defendant

Date: 9/3/2015


ANTHONY L. PARESE
Counsel for Defendant

Date: 9-28-15


CYD GILMAN
Counsel for Defendant

Date: 9-3-15


7